IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALONZO VERNON,**

        **Petitioner,**

v.                               **Civil Action No. 5:09cv133**
                                   **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On December 8, 2009, the *pro se* petitioner filed an application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a)(3). The petitioner is an inmate at the Hazelton Penitentiary in Bruceton Mills, West Virginia, challenging the validity of a sentence imposed in the United States District Court for the Southern District of New York. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. Petitioners' Conviction and Sentence

On February 4, 2005, the petitioner was convicted by a jury of Conspiracy to Distribute Narcotics in violation of 21 U.S.C. § 846. See United States v. Vernon, 1:03cr271 (S.D.N.Y. March 26, 2007). The petitioner received a sentence of 120 imprisonment on October 20, 2005. *Id.* The petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals on March 26, 2007. *Id.* The petitioner has not filed a motion to vacate pursuant to 28 U.S.C. § 2255. *Id.*

### III. Analysis

In the petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his illegal sentence.[1] Further, the petitioner HAS NOT applied for relief under 28 U.S.C. § 2255 in the sentencing court. Thus, it is clear that petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as untimely. See 28 U.S.C. § 2255. However, under these circumstances, petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

---

[1] Specifically, the petitioner asserts that, he was denied his Seventh Amendment right to a trial by jury, the court improperly calculated his sentence under the factors set forth in 18 U.S.C. § 3553(a) and the sentencing judge improperly relied on a statement made by his co-defendant after the jury had already returned its verdict.

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition (dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE** from the active docket of the Court.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket.

DATED: February 9, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE