IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALONZO VERNON,

    Petitioner,

v.                                                     Civil Action No. 5:09CV133
                                                                      (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On December 8, 2009, Alonzo Vernon, an inmate at the United States Penitentiary in Hazelton, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Southern District of New York on October 20, 2005. The Second Circuit Court of Appeals affirmed the petitioner's conviction and sentence on March 26, 2007. This matter was referred to United States Magistrate Judge John S. Kaull for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

The magistrate judge entered a report on February 10, 2010, recommending that the petitioner's § 2241 petition be denied and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Facts

The petitioner was sentenced to a 120-month period of imprisonment for conspiracy to distribute narcotics. The petitioner challenges his sentence, arguing that he was denied his Seventh Amendment right to a trial by jury, that the court improperly calculated his sentence under the factors set forth in 18 U.S.C. § 3553(a), and that the sentencing judge improperly relied on a statement made by his co-defendant after the jury had already returned its verdict.

The magistrate judge found that § 2441 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The petitioner has not applied for relief under 28 U.S.C. § 2255 in the sentencing court and the filing of a § 2255 motion in the

2

sentencing court would now be barred as untimely. 28 U.S.C. § 2255. Further, the magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2441 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

## III. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek

relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the magistrate judge correctly concluded that the petitioner has failed to establish the elements required by Jones. On October 20, 2005, the petitioner was sentenced in the United States District Court for the Southern District of New York to 120 months of imprisonment after pleading guilty to conspiracy to distribute narcotics. While the petitioner did file an appeal, he did not file a petition in the sentencing court pursuant to 28

4

U.S.C. § 2255. The claims the petitioner asserts in the § 2241 petition before this Court should have been raised in a § 2255 petition, and nothing in his petition demonstrates that he meets the Jones requirements. Therefore, the petitioner has failed to demonstrate a right to proceed under § 2241. Accordingly, the petitioner's § 2241 petition must be denied.

V. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 15, 2010

                                                      <u>/s/ Frederick P. Stamp, Jr.</u>
                                                      FREDERICK P. STAMP, JR.
                                                      UNITED STATES DISTRICT JUDGE